UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

JUL 1 5 2004

Judge James B. Moran
United States District Court

ELAINE CHAO, )
)
        Plaintiff, )
)
v. ) No. 78 C 342
)
ESTATE OF FRANK FITZSIMMONS, *et al.* )
)
        Defendants. )

**DOCKETED**
JUL 2 2 2004

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE OF SEEKING DISCLOSURE OF THE QUARTERLY REPORTS OF THE INDEPENDENT SPECIAL COUNSEL

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Joseph T. Burke, Jr., Michael R. Brady, and Brent Lindberg move the Court for leave to intervene for the limited purpose of seeking public disclosure of the quarterly reports of the Independent Special Counsel that have been filed with the Court pursuant to paragraph V(G) of the Consent Decree, for the following reasons:

1. This action has been pending before the Court for more than twenty-five years. Since 1982, the administration of the Central States, Southeast and Southwest Areas Pension Fund ("CSPF") has been governed by a consent decree and subject to scrutiny by an Independent Special Counsel ("ISC") appointed by the Court. Paragraph V(G) requires the ISC to "file quarterly reports with the Court." The ISC has regularly prepared those reports and sent them to the Court in chambers, but the filings have not been reflected on the Court's docket.

2. Each of the movants is a member of the International Brotherhood of Teamsters and is a participant and beneficiary of the CSPF.

(a) Tommy Burke is a member of Teamsters Local 391 in Greensboro, North Carolina, and

is employed as a feeder driver by United Parcel Service. He has been a vested participant in CSPF for approximately thirty-seven years. He has been actively engaged in intra-union discussions of pension issues since at least 1982 and is a member of the Steering Committee of the Central States Pension Improvement Committee ("CSPIC"), which is an organization of Teamster members and retirees who have come together to win more accountability from the CSPF Trustees, to educate themselves and their fellow Teamsters about pension issues, and to protect their pension rights.

(b) Michael R. Brady is a member of Teamsters Local 20 in Toledo, Ohio, and is employed as a dispatch clerk by Roadway Express. He has been a vested participant in CSPF for over thirty years.

(c) Brent Lindberg is a member of Teamsters Local 638 in Minneapolis, Minnesota, and is employed as a package car driver by United Parcel Service. He has been a vested participant in CSPF since 1990.

3. Movants believe that members cannot educate themselves about the resources needed for their future without the proper information about current and past activity at the CSPF. Similarly, they want the information to hold Teamsters Union officials, fund managers and trustees accountable to the membership. And they seek to understand that basis on which the Court has authorized the benefit cuts put forward by representatives of the CSPF.

4. Because they are concerned about extensive benefit cutbacks and the apparent failure of their union leadership to negotiate sufficient pension contributions to maintain the promised level of benefits, movants have attempted to educate themselves concerning CSPF affairs. Movant Burke has banded together with many fellow CSPF participants to monitor the activities of the CSPF and to hold its leadership accountable for their administration of the fund. His organization, the CSPIC,

-2-

maintains an Internet web site about CSPF affairs, http://www.nopensionfreeze.org/, and has published numerous reports about CSPF issues.

5. CSPIC has raised funds to retain an independent actuary to determine whether the announced pension cutbacks were justified. However, the actuary was unable to conduct the desired studies based on the limited publicly available information.

6. Accordingly, movants desire to assert their rights under Rules 5(d) and (e) of the Federal Rules of Civil Procedure, under the First Amendment, and under the common law presumption that judicial records will be available for public scrutiny to review the quarterly reports filed by the ISC pursuant to the Consent Decree.

7. On March 26, 2004, movants' counsel wrote to CSPF, the Department of Labor, and the ISC asking for copies of all quarterly reports filed with the Court. On April 26, 2004, the Honorable Frank McGarr, the ISC, responded that he intended his own quarterly reports to be confidential and therefore would not disclose anything. A copy of this exchange of correspondence is attached. CSPF later informed movants' counsel that CSPF endorsed Judge McGarr's position. The Labor Department has never responded formally, but its counsel has told movants' counsel that the Department is not willing to disclose its copies of the quarterly reports.

8. "[T]he most appropriate procedural mechanism [for third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose." *In re Associated Press*, 162 F.3d 503, 506-509 (7th Cir. 1998); accord *Jessup v. Luther*, 227 F.3d 999 (7th Cir. 2000); *Grove Fresh Distrib. v. Everfresh Juice Co.*, 24 F.3d 893, 895-896 (7th Cir. 2000). Such intervention is appropriate here.

## CONCLUSION

The motion for leave to intervene should be granted.

Respectfully submitted,

*(signature)*
Paul Alan Levy
Brian Wolfman

Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

*(signature)*
Thomas Geoghegan

Despres, Schwartz & Geoghegan
Suite 711
77 West Washington Street
Chicago, Illinois 60602
(312) 372-2511

Attorneys for Movants

July 14, 2004