# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 78 C 342 | **DATE** | 12/9/2004 |
| **CASE TITLE** | ELAINE CHAO vs. ESTATE OF FRANK FITZSIMMONS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. We grant disclosure of the quarterly reports from August 3, 2000 forward. The Pension fund shall recommend appropriate redaction to the court and the ISC by December 17, 2004, and the ISC shall comment to the court on those recommendations by December 23, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 781 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE CHAO, )
)
        Plaintiff, )
)
vs. ) No. 78 C 342
)
ESTATE OF FRANK FITZSIMMONS, )
et al., )
)
        Defendants. )

DOCKETED
DEC 1 3 2004

## MEMORANDUM OPINION AND ORDER

Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") has moved for clarification of the court's October 21, 2004, Memorandum Opinion and Order. The movants for disclosure of quarterly reports ("New York Times" and "individual movants" or "movants") have responded. The net result is that the Pension Fund seeks to preserve the confidentiality of quarterly reports issued after August 5, 2003, the last quarterly report before the November 17, 2003, Memorandum and Order, or at least determine a date sometime after August 5, 2003, after which the quarterly reports need not be disclosed. The movants seek disclosure of the subsequent quarterly reports, the New York Times seeks quarterly reports back to the beginning of 1997, and the individual movants want to go back to the beginning of 2001.

We adhere to the view that the quarterly reports subsequent to August 5, 2003, must be disclosed. The court's function is to ensure compliance with the Consent Decree, which requires compliance with ERISA. That monitoring, for the present, relates to compliance with ERISA minimum contribution requirements.

787

The New York Times' reason for going back to 1997 is that the quarterly reports may explain changes in fiduciaries and investment policies. It is mistaken. The Consent Decree requires court approval for such changes. They are initiated by motion, the Department of Labor comments, and the court rules. All that documentation is and always has been a judicial record, part of the court files and open to public scrutiny. They are not the stuff of quarterly reports, which, at most, briefly note what the motion was, the Department of Labor's response and the court ruling.

More compelling is the desire of the movants to learn from an earlier date the concerns over projected funding problems. The New York Times refers to the bursting of the technology bubble from the beginning of 2000. The individual movants seek information from the beginning of 2001. The subject first surfaced in the August 3, 2000, quarterly report, although then, even with a worst case scenario, any problems lie many years ahead. Still, it then became something that needed to be followed as part of the monitoring of compliance with the Consent Decree. Accordingly, we grant disclosure of the quarterly reports from August 3, 2000, forward. The Pension fund shall recommend appropriate redaction to the court and the ISC by December 17, 2004, and the ISC shall comment to the court on those recommendations by December 23, 2004.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec 9 , 2004.